# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

TONY JONES and BETTY JONES,                )
                                            )
        Plaintiffs,                 )
                                            )
vs.                                         )    Case No. CIV-11-549-M
                                            )
VOYAGER INDEMNITY                           )
INSURANCE COMPANY,                          )
                                            )
        Defendant.                  )

## ORDER

Before the Court is defendant Voyager Indemnity Insurance Company's Motion for Summary Judgment, filed July 1, 2011. On July 21, 2011, plaintiffs Tony Jones and Betty Jones filed their response, and on July 27, 2011, defendant's reply was filed. Based upon the parties' submissions, the Court makes its determination.

## Introduction

This case arises out of an insurance coverage dispute between plaintiffs Tony Jones and Betty Jones and defendant Voyager Indemnity Insurance Company. On or about May 10, 2010, a hail and wind storm struck Oklahoma County, Oklahoma and caused certain damage to property insured by defendant Voyager Indemnity Insurance Company ("Voyager") and owned by plaintiffs Tony and Betty Jones ("Joneses"). On May 25, 2010, Voyager's representative advised the Joneses that their hail and wind loss had been adjusted and a check in the amount of $9,701.19 would be forwarded to them. Upon receipt the Joneses deposited the check they received from Voyager. No one contacted Voyager or its representatives about the claim until November 11, 2010, when a representative of Arguello, Hope and Associates, the law firm representing the Joneses wrote

Voyager requesting a copy of the Joneses' file. On November 30, 2010, Voyager provided the documents the Joneses' attorney had requested and asked that any additional documentation concerning the claim be forwarded for further review and consideration. Voyager also offered to answer any questions or assist with the claim in anyway possible.

On January 12, 2011, Voyager again wrote the Joneses informing them that their file had been forwarded to their attorney as requested and that no further information regarding the claim had been received. Voyager again requested the forwarding of any additional documentation the Joneses may have concerning the claim for review and consideration. Voyager again offered to answer any questions or assist with the claim in any way possible.

On March 17, 2011, David A. Christoffel, attorney for the Joneses, wrote Voyager enclosing a $62,802.89 estimate of damages and expenses dated September 2010, four months after the May, 10, 2010 storm. Approximately two weeks later, on March 31, 2011, the Joneses filed the instant lawsuit against Voyager alleging breach of contract and bad faith. On April 11, 2011, Voyager wrote the Joneses' attorney advising they were unaware of the September 2010 estimate and requested permission to re-inspect the dwelling in order to reach an agreed scope and pricing for damages related to the May 10, 2010 loss. Voyager was not given the requested permission to inspect the property based on the September, 2010 estimate, and no agreement on the loss or additional payment on the loss has been made.

II.     Summary Judgment Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational

trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.Discussion

A.Breach of Contract Claim

In Oklahoma, insurance coverage disputes are governed under contract law. *Redcorn v. State Farm Fire & Cas. Co.*, 55 P.3d 1017, 1019 (Okla. 2002). If a court finds an insurance policy's terms are free from doubt or unambiguous, "the language of an insurance policy must be accepted in its plain, ordinary and popular sense". *McDonald v. Schreiner*, 28 P.3d 574, 577 (Okla. 2001). Whereas parties to a contract are free to govern its risks and terms, "once agreed upon, the parties...are bound by the terms of the contract, and courts will not rewrite those terms". *Redcorn*, 55 P.3d at 1019. Because it is fundamental that an insured is chargeable with knowledge of the terms of the insurance policy, the failure of an insured to read the insurance policy provisions does not relieve him from its provisions. *Travelers Ins. Co. v. Morrow*, 645 F.2d 41, 44 (10th Cir. 1981).

3

Therefore, the insured has a duty to read and know the contents and legal effects of the terms of his insurance policy. *Id.* (internal citations and quotations omitted).

The Court has carefully reviewed the parties' briefs and evidentiary submissions. Viewing the evidence in the light most favorable to the Joneses and viewing all reasonable inferences in their favor, as the Court must when addressing a motion for summary judgment, the Court finds the Joneses have submitted insufficient evidence of breach of contract as a matter of law.

In the case at bar, the insurance policy provides in pertinent part:

> In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:
>
> - Give prompt notice to us or our agent; (B.1)
> - Protect the property from further damage; (B.4)
> - Cooperate with us in the investigation of a claim; (B.5)
> - As often as we reasonably require:
>   - Show the damaged property; (B.7a)
>   - Provide us with records and documents we request and permit us to make copies; (B.7.b) . . .
>
> Loss Payment
>  . . . Loss will be payable:
>
> 1. Within 60 days after we reach an agreement with you
>  . . .

Voyager Home Owners Policy No. RRH562215-7

The Joneses bring this action against Voyager alleging breach of contract and bad faith claims; however, the Court finds the Joneses fail to sufficiently demonstrate how Voyager violated the contract provisions in question. Rather, the Joneses argue it is unreasonable to require payment on

4

the loss within 60 days only after an agreement between the parties. Additionally, the Joneses contend Voyager has waived its ability to argue failure to meet conditions precedent relative to the September 2010 estimate for repairs because no such argument was made by Voyager prior to its initial payment of $9,701.19. However, the Joneses do not contest that the requirement of an agreement before payment on a loss and cooperation in the investigation of a claim are actual provisions of an otherwise binding insurance policy. Likewise, the Joneses admit the instant policy requires, as often as possible, that they show the damaged property.

Even where obvious mistakes have been made, the court has an obligation to enforce the parties' legal contractual obligations according to their original agreement, not rewrite the contract between the parties. *Travelers Inc. Co. v. Morrow*, 645 F.2d 41, 45 (10th Cir. 1981) A condition precedent "may be either a condition which must be performed before the agreement of the parties shall become a binding contract or a condition which must be fulfilled before the duty to perform a provision of an existing contract arises." *Hurt v. New York Life Ins. Co.,* 51 F.2d 936, 938 (10th Cir. 1931) (internal citations omitted). In this case, the Court finds the conditions at issue must be fulfilled before the duty to make an additional loss payment arises. It is undisputed that the Joneses have failed to give Voyager permission to inspect the property based on the September 2010 estimate. It is also undisputed that no agreement has been reached as to any additional amount owed on the Joneses' claim. Therefore, because the requirement to cooperate with investigation of the claim and payment of loss only upon agreement are terms readily available to the Joneses they are charged with knowledge of the terms of their insurance policy. The Court therefore finds the Joneses are not entitled to relief on their breach of contract claim. Accordingly, the Court grants summary judgment as to the Joneses' breach of contract claim.

5

B.      Bad Faith Claim

The Joneses also claim that Voyager is liable for bad faith. An insurance company "has an implied duty to deal fairly and act in good faith with its insured". *Christian v. Am. Home Assurance Co.*, 577 P.2d 899, 904 (Okla. 1977). Where the implied duty is breached and the insurer acts in a manner constituting a lack of good faith, this conduct signifies bad faith. *See id.* To establish a bad faith claim, an insured must present evidence from which a reasonable jury could conclude the insurer did not have a reasonable good faith belief for withholding payment of the insured's claim. *Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993). Resort to a judicial forum is not *per se* bad faith and the refusal to pay insurance claims where there is a legitimate dispute with the insured as to the amount of coverage or the amount of the claim is not a breach of the duty of good faith and fair dealing. *Id.*

In the instant case, the Joneses concede that on two separate occasions Voyager requested to re-inspect their dwelling after receiving the September 2010 estimate on March 17, 2011. The Joneses also concede that with each request for re-inspection Voyager sought further review and consideration of their claim. The Joneses also admit they have not given Voyager permission to re-inspect. The Court finds that Voyager's request to re-inspect the dwelling prior to payment of additional funds on a ten month old claim is not unreasonable behavior, the underlying basis for a claim of bad faith. The Court finds Voyager's actions in the processing of the Joneses claim are thus not a breach of the duty of good faith and fair dealing.

Accordingly, the Court grants summary judgment to Voyager as to the Joneses' bad faith claims.

IV. CONCLUSION

For the reasons set forth above, the Court GRANTS defendant Voyager Indemnity Insurance Company's Motion for Summary Judgment [docket no. 15].

**IT IS SO ORDERED this 23rd day of September, 2011.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE